**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LAMARR RAYMONDO DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-507-TCK-TLW |
| | ) | |
| MARY FALLIN, Oklahoma Governor, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On August 1, 2016, Plaintiff, a state inmate appearing pro se, filed a "complaint for declatory [sic] relief pursuant to 28 U.S.C. § 2201" (Dkt. # 2) and a motion to proceed in forma pauperis (Dkt. # 3). On August 22, 2016, Plaintiff filed a brief in support of his complaint (Dkt. # 6). For the reasons discussed below, the motion to proceed in forma pauperis is denied and the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A.  Motion to proceed in forma pauperis**

The accounting information provided by Plaintiff in support of his motion to proceed in forma pauperis reveals that, as of July 11, 2016, Plaintiff had $3.33 in his inmate draw account and $964.34 in his savings account. See Dkt. # 3 at 5. Pursuant to Okla. Stat. tit. 57, § 549(A)(5), funds from an inmate's savings account may be used for fees or costs in filing a federal action. Therefore, because Plaintiff had cash and securities in his inmate accounts exceeding $965.00 at the time he executed the affidavit in support of his motion to proceed in forma pauperis and the filing and administrative fees for this action total $400.00, Plaintiff's motion shall be denied and Plaintiff shall be required to pay the full $400.00 filing and administrative fees.

**B.  Complaint shall be dismissed**

In his complaint for declaratory relief pursuant to 28 U.S.C. § 2201, Plaintiff asks the Court to declare Oklahoma's sentence enhancement statute to be unconstitutional. See Dkt. # 2. Plaintiff explains that on April 5, 2002, in Tulsa County District Court, Case No. CF-2001-2301, a jury found him guilty of Kidnaping for Extortion, After Former Conviction of Two or More Felonies, and recommended a sentence of eighty (80) years imprisonment. The trial judge sentenced Plaintiff in accordance with the jury's recommendation. Plaintiff now claims that (1) Okla. Stat. 21, § 51.1, is unconstitutional, and (2) "lack of objective sentencing guidelines in Oklahoma results in arbitrary sentencing and violates due process of law." Id. at 2. In his request for relief, Plaintiff asks for a declaration that "(a) lack of sentencing guidelines under Oklahoma's sentencing scheme is violative of due process and (b) Oklahoma's repealed Truth In Sentencing Act should be advisory and can serve as adequate guidelines toward reasonable punishment under constitutional analysis." Id. at 3.

As a preliminary matter, the Declaratory Judgment Act, cited by Plaintiff, provides no independent basis for federal jurisdiction. Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1202 (10th Cir. 2012). Furthermore, an action for declaratory judgment may not be used to shorten a state criminal sentence. See Booker v. Ark., 380 F.2d 240, 242 (8th Cir. 1967) (per curiam) (holding that the validity of a state criminal judgment cannot be attacked through an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202), *abrogated on other grounds by* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973); see also Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Habeas corpus is the exclusive federal remedy for state prisoners wishing to challenge the length of their sentences in federal court. Heck, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a

state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."); Preiser, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (stating that an action brought by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prisoner proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

The Court acknowledges that Plaintiff does not specifically request shortening of his sentence. However, even if a plaintiff does not directly request shortening of his sentence, if success on the merits of the plaintiff's claim would necessarily imply the invalidity of his sentence, then the plaintiff cannot bring such action until he has successfully challenged the validity of his sentence in either an authorized state tribunal or a federal habeas court. See Heck, 512 U.S. at 481. If a plaintiff brings such an action for monetary damages or declaratory relief improperly, before having successfully challenged the validity of the sentence in either an authorized state tribunal or a federal habeas court, then the action should be dismissed. Id. at 486-87. Here, a judgment in favor of Plaintiff – on his claims that Oklahoma's sentence enhancement statute is unconstitutional and that the lack of objective sentencing guidelines in Oklahoma results in arbitrary and unconstitutional sentencing – would necessarily imply the invalidity of Plaintiff's sentence entered in Tulsa County District court, Case No. CF-2001-2301.

Furthermore, Plaintiff's complaint will not be treated as a petition for writ of habeas corpus because the statute of limitations applicable to any federal habeas corpus claim has long ago expired. See 28 U.S.C. § 2244(d)(1)(A). Plaintiff's judgment of conviction became final in 2004, one year after the Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's judgment and sentence on August 18, 2003, see www.oscn.net, and the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Plaintiff sought post-conviction relief in 2004, 2009, and 2012. See id. However, those proceedings do not provide sufficient tolling under 28 U.S.C. § 2244(d)(2) to render the filing of this action timely.

For the reasons set forth above, Plaintiff's complaint for declaratory relief fails to state claim upon which relief may be granted and shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **denied**. Plaintiff shall pay in full the $400.00 filing and administrative fees.

2. The complaint (Dkt. # 2) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. A separate judgment shall be entered in this matter.

**DATED** this 28th day of September, 2016.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**